USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3 0 MAR 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SULAYMAN BATCHILLY,

                                        Petitioner

        -v-

JAMES NANCE, Superintendent, Marcy
Correctional Facility,

                                        Respondent.

MEMORANDUM DECISION
AND ORDER
08 CV 07150 (GBD) (AJP)

GEORGE B. DANIELS, District Judge:

   *Pro se* Petitioner Sulayman Batchilly brought this writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Petitioner contends that his conviction and incarceration violate the United

States Constitution because: (Claim 1) the trial court violated his Sixth Amendment right to

present a defense by precluding a witness's alibi testimony; (Claim 2) the trial court denied his

right to testify before the grand jury; (Claim 3) the police violated his Miranda rights; (Claim 4)

the prosecutor violated his due process rights by using perjured testimony; and (Claim 5) the

prosecutor violated his Brady rights by withholding DNA evidence and the victim's pants by the

prosecutor.  Petitioner also alleges claims for (Claim 6) ineffective assistance of counsel and

(Claim 7) an excessive sentence.  This Court referred the matter to Magistrate Judge Andrew J.

Peck for a Report and Recommendation ("Report").

   The Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections

to the Report, the Court must make a de novo determination of those portions of the Report to

which objections are made.  Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y.

2006).  The district judge may also receive further evidence or recommit the matter to the

1

`

magistrate judge with instructions. <u>See</u> Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a <u>de novo</u> hearing on the matter. <u>See</u> <u>United States v.</u>

<u>Raddatz</u>, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own,

independent conclusions" regarding those portions to which objections were made. <u>Nelson v.</u>

<u>Smith</u>, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting <u>Hernandez v. Estelle</u>, 711 F.2d 619,

620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report

if "there is no clear error on the face of the record." <u>Adee Motor Cars, LLC v. Amato</u>, 388 F.

Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

  In his report, Magistrate Judge Peck advised the parties that failure to file timely

objections to the Report would constitute a waiver of those objections. <u>See</u> 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). This Court has received no objections, and the time to do so

has expired.

  Magistrate Judge Peck issued a Report recommending that the petition be denied. Claim

3 and Claim 4 are procedurally barred. Claim 2 and Claim 7 are not cognizable under habeas

review, because Petitioner's jury conviction transformed any defect into harmless error and

because Petitioner was sentenced within the statutory range, respectively. The remaining claims

are meritless. With respect to Claim 1, the Appellate Division reasonably applied Supreme

Court precedent to determine that Petitioner's conduct was personally willful, and that any error

was harmless. With respect to Claim 5, Petitioner's trial counsel knew about the victim's pants

and the prosecutor's failure to test DNA evidence cannot constitute a <u>Brady</u> violation. With

respect to Claim 6, Petitioner failed to identify an ineffective and prejudicial conduct by his trial

counsel that was not procedurally barred by adequate and independent state law grounds.

After carefully reviewing the Report, the Court finds that the Report is not facially erroneous, and adopts the Report in its entirety.  Accordingly, the writ is denied and the petition dismissed.  As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue.  28 U.S.C. § 2253;  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir.1998);  United States v. Perez, 129 F.3d 255, 259-060 (2d Cir.1997);  Lozada v. United States, 107 F.3d 1011 (2d Cir.1997).  Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 60 (2d Cir.2001).


Dated:   New York, New York
        March 30, 2011

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

3